Case 17-00278 Doc 24 Filed 09/05/17 Entered 09/06/17 09:28:38 Desc Main
Case 17ap00278, Doc 20, Filed 08/30/2017 Entered 08/30/2017 04:29:09, Desc Main Document
Document Page 1 of 4
, Page 1 of 4
54707 Findings of Fact and Conclusions of Law
Lindsey

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Anthony Barnerd Lindsey | Case No. 17-06584 |
| Debtor. | Judge Schmetterer |
| Corporate America Family Credit Union | |
| Plaintiff, | Adv. No. 17-278 |
| v. | |
| Anthony Barnerd Lindsey, | |
| Defendant. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor Anthony Barnerd Lindsey ("Defendant") filed his petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiff, Corporate America Federal Credit Union ("Plaintiff") instituted the above entitled Adversary Proceeding seeking determination of non-dischargeability of debt against Defendant under 11 U.S.C. §§ 523, § 523(a)(2)(A) and § 523(a)(2)(C)(i)(II).

## FINDINGS OF FACT

1.  Plaintiff is a not-for-profit Credit Union located in Illinois.

2.  Defendant is an individual currently residing in Chicago, Illinois.

3.  On February 24, 2017, the Defendant applied for and became indebted to the Plaintiff pursuant to a Note (the "Note") for the purpose of purchasing a vehicle in the amount of $15,748.92.

4. The Defendant pledged the vehicle, a 2014 Jeep Patriot (the "Vehicle"), as security for the Note.

5. The Note provided for the Defendant to pay costs of collection including reasonable attorneys' fees and costs applying to bankruptcy proceedings.

6. On March 3, 2017, seven (7) days after applying for and receiving the loan from the Plaintiff, the Defendant filed his Chapter 13 Bankruptcy Petition with the Northern District of Illinois.

7. On May 10, 2017, Plaintiff filed an adversary proceeding against the Defendant, seeking denial of the discharge.

8. On May 10, 2017, the Plaintiff served the Defendant with a copy of the Complaint and Summons.

9. The Defendant did not file a response or otherwise plead to the Plaintiff's Complaint.

10. As of the date the Complaint was filed, the Defendant remained indebted to the Plaintiff pursuant to the loan in the amount of $15,977.38.

11. After Defendant obtained the loan, he did not make a payment before filing his Chapter 13 Bankruptcy petition.

12. There was no change in the Defendant's financial circumstance between the time the Defendant requested the funds and the time he filed his bankruptcy petition. There was no job loss and no sudden or unexpected financial hardship.

13. The Plaintiff extended the loan as a result of a representation that the Defendant intended to repay the debt.

14. The Plaintiff subsequently repossessed the vehicle and sold it at auction.

15. There remains a deficiency balance on the vehicle for $4,449.49 plus attorneys' fees and costs.

## JURISDICTION AND VENUE

16. Jurisdiction lies over this proceeding under 28 U.S.C. § 1334(b), and the proceeding has been referred here by Internal Operating Procedure IS(a) of the District Court. The Complaint seeks to determine dischargeability of debt and is therefore a core proceeding under 28 U.S.C. § IS7(b)(2)(I). Venue is properly placed in this court under 28 U.S.C. § 1409(a).

## CONCLUSIONS OF LAW

17. As of August 30, 2017, the Defendant remains indebted to Plaintiff in the sum of $4,449.49 plus attorneys' fees and costs.

18. The Defendant signed the note and received the funds from the Plaintiff to purchase the Vehicle seven (7) days before filing the instant bankruptcy case.

19. The Defendant did not reasonably believe he would repay the debt when he entered into the loan agreement with the Plaintiff.

20. Pursuant to Federal Rule of Bankruptcy Procedure 7055(b), the Defendant is hereby defaulted as he was properly served, has not filed an answer, nor has he responded to Plaintiff's Complaint.

21. Pursuant to 11 U.S.C. 523(a)(2)(A) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by false representations.

22. The debt is presumptively non-dischargeable as it is within the seventy day period, outlined in section 11 U.S.C. §523(a)(2)(C)(i)(II), before filing the bankruptcy petition.

23. Defendant's debt to Plaintiff is excepted under 11 U.S.C. §523, from any discharge granted the defendant in the underlying bankruptcy case.

Enter: /s/

Dated: 9/5/17

- 5 SEP 2017

PREPARED BY:
TRUNKETT & TRUNKETT, P.C.
Attorneys for Plaintiff
20 N. Wacker Drive, Suite 1434
Chicago, Illinois 60606
(312) 324-3101
Caroline Hasten: 6316656

4